FILED'09 NOV 16 14:12 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| KENNETH OTIS HAMILTON, | ) | |
| | ) | Civil No. 07-951-JO |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | OPINION AND ORDER |
| BRIAN BELLEQUE, | ) | |
| | ) | |
| Respondent. | ) | |

Mark Bennett Weintraub
Assistant Federal Public Defender
151 W. 7th Avenue, Suite 510
Eugene, Oregon 97401

  Attorney for Petitioner

John R. Kroger
Attorney General
Jacqueline Sadker
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97301

  Attorneys for Respondent

///

1 - OPINION AND ORDER

JONES, District Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254 in which he challenges his state convictions for Manslaughter in the First Degree and Assault in the Third Degree. For the reasons set forth below, the Amended Petition for Writ of Habeas Corpus (#32) is denied, and Judgment is entered dismissing this action with prejudice.

## BACKGROUND

In November 25, 1998, the Multnomah County Grand Jury returned an indictment charging petitioner with two counts of Manslaughter in the First Degree, one count of Assault in the Third Degree, one count of Reckless Driving and one count of Driving Under the Influence of Intoxicants. Respondent's Exhibit 102. A jury convicted petitioner on all counts and the sentencing court imposed a sentence totaling 375 months. Respondent's Exhibit 101.

Petitioner directly appealed his convictions, but the Oregon Court of Appeals affirmed the trial court without written opinion, and the Oregon Supreme Court denied review. State v. Hamilton, 185 Or.App. 523, 61 P.3d 977 (2002), rev. denied, 336 Or. 192, 82 P.3d 626 (2003); Respondent's Exhibits 103-110.

Petitioner next filed for post-conviction relief ("PCR") in state court. The PCR trial court denied relief. Hamilton v. Blacketter, Umatilla County Circuit Court Case No. CV04-0677. On appeal, the Oregon Court of Appeals granted the State's Motion

2 - OPINION AND ORDER

for Summary Affirmance without a written opinion, and the Oregon Supreme Court denied review. Hamilton v. Blacketter, (A127809), rev. denied, (S54184); Respondent's Exhibits 128-134.

On June 27, 2007, petitioner filed this action. In his Amended Petition for Writ of Habeas Corpus, petitioner raises the following grounds for relief:

> Ground One: An "Acquittal First" jury instruction given by the trial court regarding lesser included sentences violated Mr. Hamilton's right to Due Process under the Sixth and Fourteenth Amendments to the Constitution of the United States.
>
> Ground Two: His sentence under the Oregon Sentencing Guidelines, based on judicial findings of fact, violated his rights under the Sixth and Fourteenth Amendments as set forth in Apprendi v. New Jersey, 530 U.S. 466 (2000).

Respondent asks the court to deny relief on the Petition because: (1) Ground One was correctly denied on the merits in a state-court decision entitled to deference; and (2) Ground Two is procedurally defaulted and without merit.

## DISCUSSION

### I. Standard of Review

An application for writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

3 - OPINION AND ORDER

A state court's findings of fact are presumed correct and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct legal principle from [the Supreme Court's] decisions, but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. Id. at 410. The state court's application of clearly established law must be objectively unreasonable. Id. at 409.

The last reasoned decision by the state court is the basis for review by the federal court. See Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991); Van Lynn v. Farman, 347 F.3d 735, 738 (9th Cir. 2003). When a state court does not supply the reasoning for its decision, a federal court does an independent review of the record

4 - OPINION AND ORDER

to determine whether the state court decision was objectively unreasonable. Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000). If the federal court does not find the state court decision was objectively unreasonable, deference is given the state court decision and habeas relief is denied. Id. at 981-82. Here, in the absence of a reasoned Oregon decision, the court conducted an independent review of the record in reviewing petitioner's claims.

## II. Application

### A. "Acquittal First" Jury Instruction

At trial, petitioner's counsel took exception to the trial court giving what was known as an acquittal first instruction codified by the Oregon legislature at ORS 136.460(2). This statute provides:

> The jury shall first consider the charged offense. Only if the jury finds the defendant not guilty of the charged offense may the jury consider the lesser included offenses in order of seriousness. The jury may consider a less serious lesser included offense only after finding the defendant not guilty of any more serious lesser included offenses.

At trial, petitioner's counsel argued the instruction was contrary to Beck v. Alabama, 447 U.S. 625 (1979)(holding a death sentence may not constitutionally be imposed after a jury verdict of guilt of a capital offense where the jury was not permitted to consider a verdict of guilt of a lesser included offense). On appeal, however, petitioner acknowledged his case presented the same issue the Oregon Court of Appeals recently decided in State v. Horsley,

5 - OPINION AND ORDER

169 Or. App. 438 (2000)[1] wherein it held ORS 136.460(2) was constitutional. Although petitioner disagrees with this holding, state courts are the final arbiters of state law, and a state court's interpretation of state law is binding on a federal court. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)("[W]e reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); see also Mendez v. Small, 298 F.3d 1154, 1158 (9th Cir. 2002)("A state court had the last word on the interpretation of state law.")(citing McSherry v. Block, 880 F.2d 1049, 1052 (9th Cir. 1989)); Bains v. Cambra, 204 F.3d 964, 972 (9th Cir. 2000)("[A] federal court is bound by the state court's interpretations of state law."(citing Wainwright v. Goode, 464 U.S. 78, 84 (1983)); Peltier v. Wright, 15 F.3d 860, 862 (9th Cir. 1994)(state courts are the ultimate expositors of state law).

Accordingly, petitioner cannot demonstrate the trial court's issuance of an acquittal first instruction in accordance with Oregon law was contrary to, or an unreasonable application of, clearly established federal law.

B. **Apprendi Claim**

Petitioner contends the trial court's finding of the "persistent involvement" factor to upwardly depart from the presumptive guideline sentence violated his rights under Apprendi

---

[1] Review denied, 331 Or. 692 (2001).

6 - OPINION AND ORDER

and Blakely v. Washington, 542 U.S. 296 (2004). Although the state argues this claim is procedurally defaulted, the court need not determine whether it was fairly presented to Oregon's state courts because, as discussed below, this claim is without merit. See 28 U.S.C. § 2248(b)(2)("An application for writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.")

As a preliminary matter, the Ninth Circuit has held that the Supreme Court announced a new rule in Blakely that does not apply retroactively to cases on collateral review. See United States v. Cruz, 423 F.3d 1119, 1120 (9th Cir. 2005); Schardt v. Payne, 414 F.3d 1025, 1034-36 (9th Cir. 2005); Cooper-Smith v. Palmateer, 397 F.3d 1236, 1246 (9th Cir.), cert. denied, 546 U.S. 944 (2005).

Moreover, petitioner's argument that the trial court's imposition of an upward departure sentence was unconstitutional because it violated Apprendi is based on an application of the Apprendi rule that was not made clear until Blakely issued after his conviction had become final on August 27, 2003. In short, petitioner argues that Apprendi required a jury to find enhancement factors beyond a reasonable doubt. Petitioner's arguments notwithstanding, it is clear that, at the time of his sentencing, the trial court did not contravene federal law in imposing an enhanced sentence.

7 - OPINION AND ORDER

Under the rule of Apprendi, "[o]ther than the fact of a prior conviction, any fact that increase[s] the penalty of a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490.

At the time of petitioner''s sentencing, Oregon courts applying Apprendi understood the applicable "statutory maximum" for felonies to consist of terms set forth in Or. Rev. Stat. § 161.605, which set maximum terms of imprisonment for various classes of felonies. See, e.g., State v. Dilts, 39 P.3d 276 (Or. App. 2002), aff'd 82 P.3d 593 (Or. 2003), vacated by Dilts v. Oregon, 542 U.S. 934 (2004). For Manslaughter in the First Degree and Assault in the Third Degree, the "statutory maximums" were 20 years and 5 years respectively under that standard. Then-current Supreme Court authority reaffirmed the role of judicial fact finding in sentencing as long as the sentence did not exceed statutory limits. See, e.g., Apprendi, 530 U.S. at 481 ("nothing in this history suggests that it is impermissible for judges to exercise discretion-taking into consideration various factors relating both to offense and offender-in imposing a judgment within the range prescribed by statute.").

The meaning of "statutory maximum" for Apprendi purposes changed in 2004 with the clarification of Apprendi in Blakely v. Washington, 542 U.S. 296 (2004). The defendant in Blakely pleaded guilty to kidnapping and use of a firearm. Blakely, 542 U.S. at

8 - OPINION AND ORDER

298-99. Like Oregon's sentencing guidelines, those at issue in Blakely established a presumptive sentence for a particular crime. Id. at 300. Both schemes also permit the sentencing court to impose a sentence above the standard range based on certain findings that would justify a departure. In Blakely, the standard range for the crime of which defendant pleaded guilty was 49 to 53 months. Finding that the defendant had acted with "deliberate cruelty" (one of several enumerated grounds for departure) the trial court departed upward to 90 months. Id.

The defendant argued that imposing a sentence in excess of the standard-range maximum under the state sentencing guidelines, based on facts not found by a jury, violated his jury trial and due process rights. The state contended that the relevant statutory maximum for Apprendi purposes was the 10-year maximum for Class B felonies and not a standard-range maximum under the state sentencing guidelines. Id. at 302.

The Court rejected the state's argument and set forth a definitive measure of "statutory maximum" for Apprendi purposes:

> Our precedents make clear * * * that the "statutory maximum" for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings.

Id. at 303-04.

9 - OPINION AND ORDER

In the wake of Blakely, the Oregon Supreme Court adjusted its understanding of "statutory maximum" accordingly, so that the presumptive sentence under the guidelines, rather than the maximum penalties for various classes of felonies under Or. Rev. Stat. § 161.605, set the ceiling beyond which enhancement factors must be proved to a jury beyond a reasonable doubt. State v. Dilts, 103 P.3d 95 (Or. 2004). In the same month, Oregon courts clarified that enhancement of a sentence based on a finding of "persistent involvement" required a jury determination, rather than a review of the bare facts of a defendant's prior crimes. State v. Perez, 102 P.3d 705 (Or. App. 2004), rev'd on other grounds, 131 P.3d 168 (Or. 2006).

Blakely's clarification of the term "statutory maximum" resulted in a significant change from Oregon sentencing as it had been conducted post-Apprendi. See Peralta-Basilio v. Hill, 126 P.3d 1 (Or. App. 2005), rev. denied, 132 P.3d 1056 (Or. 2006)(discussing effect of Blakely). The fact that no post-Apprendi federal circuit court of appeals decided issues analogous to those presented in Blakely in the way that the Supreme Court finally did exemplifies Blakely's unforeseeability. Id. at 3 (collecting cases).

As noted above, petitioner's conviction became final prior to Blakely's clarification of Apprendi's "statutory maximum" term. In view of this time line, I cannot agree with petitioner that his

10 - OPINION AND ORDER

sentence was unconstitutional because it was imposed in violation of <u>Apprendi</u> as it was understood prior to <u>Blakely</u>.

Accordingly, petitioner cannot demonstrate that the trial court's imposition of upward departure sentences based on its own finding of persistent involvement was contrary to, or involved an unreasonable application of, clearly established federal law.

## CONCLUSION

For the foregoing reasons, the Amended Petition for Writ of Habeas Corpus (#32) is DENIED, and this case is DISMISSED, with prejudice.

IT IS SO ORDERED.

DATED this 16th day of November, 2009.

                                Robert E. Jones
                                United States District Judge